**UNITED STATES DISTRICT COURT**
**for the**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| **MICHAIL ORLOV,** ) | **Case No.** |
| **LIUDMILA SARKISYAN,** ) | **Immigration File No. A214 809 313** |
| ) | |
| **Plaintiffs** ) | |
| ) | |
| v. ) | |
| ) | |
| **MARKWAYNE MULLIN, Secretary,** ) | |
| **U.S. Department of Homeland Security,** ) | |
| **JOSEPH EDLOW, Director,** ) | |
| **U.S. Citizenship and Immigration Services,** ) | |
| **DOROTHY MICHAUD, Field Office Director,** ) | |
| **U.S. Citizenship and Immigration Services,** ) | |
| **Boston Field Office,** ) | |
| ) | |
| **Defendants** ) | |

## PETITION FOR WRIT OF MANDAMUS

COME NOW Michail Orlov and Liudmila Sarkisyan, the Plaintiffs in the above-styled and numbered cause, and for cause of action would show unto the Court the following:

### JURISDICTION

1. Jurisdiction in this case is proper under 28 U.S.C. §§ 1331 and 1361, 5 U.S.C. § 701 *et seq.*, and 28 U.S.C. § 2201 *et seq.* Relief is requested pursuant to those statutes.

2. This action is brought against the Defendants to compel action on Orlov's properly filed Form I-130, Petition for Alien Relative (Receipt # MSC219146273) seeking classification of his wife and co-plaintiff, Liudmila Sarkisyan, as the spouse of a United States citizen ("I-130 petition"). Sarkisyan also seeks to compel the Defendants to take action on her marriage-based Form I-485, Application to Register Permanent Residence

or Adjust Status, as well as the I-485 application based on the I-130 petition filed by her U.S. citizen son (collectively, "I-485 applications").[1] The I-130 petition and I-485 applications were both duly filed and remain within the jurisdiction of the Defendants, who have improperly withheld action on said petition and application to Plaintiffs' detriment and have not concluded the adjudications within a reasonable time. 5 U.S.C. § 555(b).

**PARTIES**

3. Plaintiff Michail Orlov is a 71-year-old citizen of the United States. His wife and co-plaintiff, Liudmila Sarkisyan, is a 64-year-old citizen of Russia. Orlov properly filed the I-130 petition, listing Sarkisyan as the beneficiary. Sarkisyan concurrently filed a marriage-based I-485 application, along with all the required evidence. Given Defendants' delay in adjudicating Orlov's I-130 petition, Sarkisyan eventually filed a second I-485 application (Receipt # IOE0921127099) based on an I-130 petition filed by her United States citizen son. Sarkisyan is eligible for adjustment of status to that of a lawful permanent resident through 8 U.S.C. § 1255(a) as the spouse or parent of a United States citizen, upon the classification of her as such through the granting of the corresponding I-130 petition. Plaintiffs seek to have this Court direct Defendants to act upon Orlov's I-130 petition and Sarkisyan's I-485 applications. As set out with greater particularity below, subsequent to an appeal regarding Orlov's I-130 petition, the Department of Homeland Security (DHS) sought a remand of the petition to United

---

[1] Generally speaking, for a noncitizen present in the United States to obtain lawful permanent residence pursuant to a family relationship to a United States citizen, the citizen — in this case, Orlov or Sarkisyan's son — must petition for the government to recognize that qualifying family relationship by filing a Form I-130, while the noncitizen beneficiary — in this case, Sarkisyan — applies for lawful permanent residency based on that recognized relationship through a Form I-485. *See generally* 8 U.S.C. §§ 1154, 1255(a).

States Citizenship and Immigration Services (USCIS). Since that time, Plaintiffs have awaited action on the I-130 petition for more than two years without any further action by Defendants on the petition.

4.  Defendant Markwayne Mullin is Secretary of the United States Department of Homeland Security ("DHS"), and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of DHS. In particular, the DHS Secretary is responsible for the adjudication of I-130 petitions and I-485 applications such as those filed by Plaintiffs. USCIS is an agency within the DHS to whom the Secretary's authority has in part been delegated, and is subject to the Secretary's supervision.

5.  Defendant, Joseph Edlow, is an official and Director of the USCIS and is generally charged with supervisory authority over all operations of the entire USCIS.  Defendant is the official with whom Plaintiff's petition was properly filed.

6.  Defendant, Dorothy Michaud, is the Field Office Director of the USCIS Field office located in Boston, Massachusetts, which has the immediate jurisdiction to adjudicate Plaintiffs' I-130 petition and I-485 applications. Defendant Michaud is also charged with the general supervisory authority over all operations of the USCIS at the Boston Field Office.

**VENUE**

7.  Venue is proper in this court, pursuant to 28 U.S.C. § 1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where a Defendant resides and where a substantial part of the events or

omissions giving rise to Plaintiff's claim occurred. More specifically, Orlov's I-130 petition and Sarkisyan's I-485 applications were properly filed and remain pending with Defendants.

## EXHAUSTION OF REMEDIES

8. Plaintiffs have exhausted all administrative remedies. Plaintiffs have, through their attorneys, made inquiries concerning the status of the petition and applications to no avail. There is no other administrative action Plaintiffs can take to compel the adjudication of the I-130 petition or I-485 applications.

## CAUSE OF ACTION

9. Plaintiff Orlov is a 71-year-old citizen of the United States, and he is married to co-Plaintiff Sarkisyan, a 64-year-old citizen of Russia. The couple married on December 9, 2015, in Swampscott, Massachusetts.

10. On February 27, 2018, USCIS received Orlov's first I-130 petition filed on behalf of Sarkisyan. After completion of an interview and delays attendant on the COVID-19 pandemic, USCIS denied the I-130 petition on March 4, 2021, claiming insufficient evidence that Orlov and Sarkisyan had entered into a good faith marriage. Orlov initially appealed that decision to the Board of Immigration Appeals, the Department of Justice's Executive Office for Immigration Review's appellate body with jurisdiction over such appeals, but subsequently withdrew the appeal, opting instead to file a second I-130 petition on behalf of Sarkisyan.

11. On May 28, 2021, Orlov submitted the second I-130 petition seeking to have Sarkisyan classified as the spouse of a United States citizen. That petition was denied on November

16, 2022, again because USCIS determined that the submitted evidence was insufficient to establish that their marriage was entered into in good faith (Exhibit E).

12. Orlov appealed the denial of the second I-130 petition to the Board of Immigration Appeals on December 14, 2022 (Exhibit D).

13. On June 23, 2023, considering the issues and delays regarding Orlov's I-130 petition, Sarkisyan filed an I-485 application based on an I-130 petition filed by her United States citizen son.

14. On October 13, 2023, the DHS requested that the Board of Immigration Appeals remand Orlov's I-130 petition to USCIS to permit a review and update of the record and to re-adjudicate the I-130 petition. (Exhibit C).

15. On December 13, 2023, the Board of Immigration Appeals granted the DHS's request and remanded the I-130 petition to USCIS for further action and adjudication (Exhibit B).

16. No action has been taken on the I-130 petition by USCIS since the Board of Immigration Appeals' December 13, 2023 remand.

17. Defendants have sufficient information to adjudicate Orlov's petition for classification of his wife as the spouse of a United States citizen. To date, Orlov's I-130 petition has not been adjudicated.

18. On March 18, 2024, Sarkisyan attended an interview on the I-485 application based on the petition filed by her United States citizen son (Exhibit F). Since that time no further action has been taken on this I-485 application.

19. Defendants' refusal to act in this case is, as a matter of law, arbitrary and not in accordance with the law. Defendants willfully, and unreasonably, have delayed in and refused to adjudicate Orlov's petition for over two years after seeking a remand to take

5

further action on the case, thereby depriving him of the right to a decision on his petition to which Plaintiffs are entitled.

20. As reflected in the prior adjudications' timeline in this case and the attached evidence regarding normal processing times for I-130s for spouses of United States citizens, this case has lingered without any action post-remand beyond the time period which most petitions require for their full completion.

21. Defendants have also refused to take action on Sarkisyan's I-485 applications notwithstanding that her interview based on her son's I-130 petition was completed over two years ago, in March 2024. The typical processing time for family-based I-485 applications at the Boston field office is 7.5 months (Exhibit G).

22. Plaintiffs are elderly, and the delay in this process is taking an emotional toll and causing them undue stress.

23. Plaintiffs have already paid all required fees and payments due to USCIS, and they have a vested financial interest in the completion of the petition.

24. The Defendants, in violation of the Administrative Procedures Act, 5 U.S.C. § 701 *et seq*., are unlawfully withholding or unreasonably delaying action on Plaintiffs' petition and applications and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' case.

25. This Court has the jurisdiction and authority to issue a Writ of Mandamus to direct Defendants to adjudicate Plaintiff Orlov's I-130 petition and Plaintiff Sarkisyan's I-485 applications. As outlined above, Plaintiffs have a clear and certain claim. Defendants have a duty under law to adjudicate the petition and application.

## PRAYER FOR RELIEF

**WHEREFORE**, in view of the arguments and authority noted herein, Plaintiffs respectfully pray that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

(a)    requiring Defendants to adjudicate Plaintiff Orlov's I-130 petition;

(b)    requiring Defendants to adjudicate Plaintiff Sarkisyan's I-485 applications;

(c)    awarding Plaintiffs reasonable attorney's fees; and

(d)    granting such other relief at law or in equity as justice may require.

Respectfully submitted,
Michail Orlov and Liudmila Sarkisyan,
By and through counsel,

*/s/Jeffrey B. Rubin*
Jeffrey Rubin, Esq.
jbr@rubinpom.com

*/s/Todd C. Pomerleau*
Todd Pomerleau, Esq.
tcp@rubinpom.com

Rubin Pomerleau, P.C.
Two Center Plaza, Suite 520
Boston, MA 02108
617-367-0077 (voice)
617-367-0071 (facsimile)
rubinpom@rubinpom.com

Dated: May 9, 2026                    Counsel for Plaintiffs

## VERIFICATION

I, Jeffrey Rubin, hereby declare that the allegations in this Petition are true and accurate to the best of my knowledge and belief.

*/s/Jeffrey B. Rubin*
Jeffrey B. Rubin

**EXHIBIT LIST**

Exhibit A -     Printout – USCIS Website – Average Processing Times for I-130 filed by USC Spouse

Exhibit B –     Board of Immigration Appeals Remand of Dec. 13, 2023

Exhibit C -     DHS Remand Request to Board

Exhibit D -     Plaintiff's Brief on Appeal to the Board

Exhibit E -     Decision Denying I-130 of Nov. 16, 2022

Exhibit F -     Interview Notice for I-485, Mar. 18, 2024

Exhibit G -     Printout – USCIS Website – Average Processing Times for I-485 based on family-based petition in Boston, MA